Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3260 | **DATE** | 3/29/2002 |
| **CASE TITLE** | Jacqueline M. Thompson, et al vs. Safeway, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Motion to Strike is denied and Defendant's Motion for Summary Judgment is granted. The case is dismissed pursuant to Fed. R. Civ. Procedure 56.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 02 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 APR -1 PM 4:10 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MAR 29 2002

Judge Harry D. Leinenweber
U.S. District Court

| | |
|---|---|
| JACQUELINE M. THOMPSON, and CAITLYN J. THOMPSON, by her mother and next friend, JACQUELINE M. THOMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY, INC. and DOMINICK'S SUPERMARKETS, INC.,<br><br>Defendants. | Case No. 01 C 3260<br><br>Hon. Harry D. Leinenweber |

DOCKETED
APR - 2 2002

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Safeway Inc.'s ("Safeway") and Dominick's Supermarkets Inc.'s ("Dominick's") Motion for Summary Judgment and Plaintiff Jacqueline Thompson's ("Thompson") Motion to Strike Portions of Defendants' Motion for Summary Judgment.

### BACKGROUND

When newly-minted law school graduates are sworn in as members of the Illinois bar, they are inevitably reminded of Abraham Lincoln's advice to young lawyers:

> Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often the real loser – in fees, expenses, and waste of time. As a peacemaker, the lawyer has a superior opportunity of being a good man. There will always be enough business. Never stir up litigation.

Unfortunately, this advice appears to have gone unheaded in this case.

Jacqueline Thompson worked for Dominick's, a Safeway subsidiary, as a pharmacist for three months during the summer of 1999, before returning to law school. Thompson and her daughter ceased thereafter to be eligible for coverage under Dominick's health benefits plan as of December 25, 1999. When coverage ended, the Defendant by its own admission failed to send Thompson a COBRA notice informing her of the right to continue coverage for herself and her daughter at her own expense. Safeway contends that this was an inadvertent error due at least in part to the administrative difficulties created by the merger of Dominick's and Safeway's computerized human resources information systems during the second half of 1999. Thompson offers no evidence to the contrary.

In April 2000, Thompson learned of the loss of her health benefits coverage. She wrote to Safeway's General Counsel in July 2000 asserting numerous legal claims, including a claim that Safeway failed to send her a COBRA notice within 30 days of the date her coverage terminated. She threatened to file complaints with the EEOC, U.S. Department of Labor, the IRS, the Illinois Department of Insurance and the Illinois Department of Labor if Safeway did not cure the problem within five days. This letter immediately transformed a simple administrative problem into a full-blown legal battle. After several months of exchanging requests and ultimatums, Safeway sent a COBRA packet to Ms. Thompson providing her with retroactive health benefits, with one

full year being paid for by Safeway. After some confusion over the proper mailing address, Ms. Thompson did finally receive her COBRA benefits package by November 2000.

## MOTION FOR SUMMARY JUDGMENT

### Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001). A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

**I. Motion to Strike**

As an initial matter, the Plaintiff moves to strike numerous exhibits and statements contained in Defendant's Memorandum in Support of Summary Judgment and Rule 56.1 Statement of Uncontested Facts. The Plaintiff contends that these materials, which were generated in the course of settlement discussions, may not be admitted as evidence pursuant to FED. R. EVID. 408, and therefore may not be considered by this Court in ruling on the current motion for summary judgment. Rule 408 is not an absolute ban on all evidence regarding settlement negotiations. Rule 408 explicitly states that "[t]his rule does not require exclusion when evidence is offered for another purpose, such as . . . negativing a contention of undue delay. . . ." Courts have routinely admitted evidence of offers or agreements to compromise for purposes of rebuttal, for purposes of impeachment, or to show the defendant's knowledge and intent. *See, Bankcard America, Inc. v. Universal Bankcard Systems, Inc.*, 203 F.3d 477, 484 (7th Cir. 2000). Rule 408's spirit and purpose must always be considered in its application. *Central Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982). It would be an abuse of Rule 408 to allow a plaintiff during compromise negotiations to complicate and delay resolution of the matter, point to that delay as evidence of the defendant's bad faith, and then prevent the defendant from

explaining its actions because settlement discussions were involved. *Bankcard America, Inc.*, 203 F.3d at 484. The materials submitted by the Defendant will only be considered to the extent they are offered to rebut the Plaintiff's allegations of undue delay and bad faith. The Plaintiff's Motion to Strike is therefore denied.

## II. Motion for Summary Judgment

### A. Count I - Violation of 29 U.S.C. § 1161

Plaintiff seeks to recover statutory damages under 29 U.S.C. § 1132(c)(1) for the Defendant's failure to provide timely a COBRA notice of beneficiary's rights as required under ERISA. 29 U.S.C. § 1166(a)(4). Under § 1132(c)(1), this Court may, in its discretion, award damages to the Plaintiff of up to $110 a day for every day the Defendant was in violation of the statute. However, an employer's procedural violations of ERISA entitle employees to monetary relief only in exceptional cases. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 979 (7th Cir. 1999). The employer must have acted in bad faith, actively concealed the benefit plan, or otherwise prejudiced their employees by inducing their reliance on a faulty plan summary before recovery for procedural violations is warranted. *Kreutzer v. A.O. Smith Corp.*, 51 F.2d 739, 743 (7th Cir. 1991).

In her brief, the Plaintiff defines bad faith as "a refusal to fulfill some duty . . . prompted by . . . some interested or

sinister motive." Pl's Memorandum at 4. The record before the Court does indicate that it took considerable time for Safeway to resolve the problem and issue a COBRA notice. However, the record also indicates that this delay was almost certainly exacerbated by the overly shrill and adversarial approach Plaintiff's counsel took early on in his interactions with Safeway's counsel. The then ongoing merger between Dominick's and Safeway also provides a reasonable basis for the original inadvertent delay in sending out the COBRA notice. While the Plaintiff certainly endured great aggravation in pursuing her case, there is simply nothing before the Court to indicate that the Defendant acted in bad faith in its original failure to send out the COBRA notice and the subsequent delay in addressing the situation.

B.  *Count II - Violation of 29 U.S.C. § 1025*

ERISA authorizes the imposition of a penalty of up to $110 per day for a plan administrator's refusal or failure to comply with a document request which the administrator is required to produce under the Act. See 29 U.S.C. § 1132(c)(1). Plaintiff's counsel sent a letter to Safeway on September 22, 2000 requesting "all pertinent documents that may relate to [Jacqueline M. Thompson's] Benefits Package." The letter further states that "[t]his request is made pursuant to 29 U.S.C. 1132 et seq. and 29 C.F.R. 2560.503 et seq." However, those regulations only require a plan administrator to provide documents pertinent to a claim denial

decision. There was no claim denial at issue here, only a dispute over the issuance of a COBRA notice. Since there was no claim denial as contemplated in the statute, no obligation exists on the part of the administrator to provide an explanation (*i.e.*, "pertinent documents"), and thus no basis for imposing liability pursuant to § 1132(c) exists. *See Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 624 (7th Cir. 1987). Safeway's failure to respond to this letter is simply not a basis for imposing liability under 29 U.S.C. § 1132(c)(1).

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike is denied and Defendant's Motion for Summary Judgment is granted. The case is dismissed pursuant to FED. R. CIV. P. 56.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: March 29, 2002